RECEIVED

FEB 22 2022

AT 8:30 __ 3.35 pm
WILLIAM T. WALSH CLERK

JMR/2019R00037

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 22- 80 ( KMW ) |
| | : | |
| v. | : | |
| | : | |
| JENNIFER VANDEVER | : | 18 U.S.C. §§ 1343, 1028A and 1029 |
| | : | 26 U.S.C. § 7201 |
| | : | 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

## COUNTS 1 to 4
### [18 U.S.C. § 1343 – Wire Fraud]

RECEIVED

FEB 02 2022

AT 8:30_____M
WILLIAM T. WALSH
CLERK

<u>The Defendant and Other Entities</u>

1.  At all times relevant to this Indictment:

    a.  Company 1, an entity headquartered in Camden County, New Jersey, was the U.S. subsidiary of a foreign based company. Company 1 issued Bank of America corporate credit cards to its salespeople, other employees and departments which were to be used for business purposes. Company 1 maintained accounts at Wells Fargo Bank, N.A. For a time until 2009, Individual 1 was an employee of Company 1 that was issued a credit card by Company 1.

    b.  Defendant JENNIFER VANDEVER was a resident of Atco, New Jersey. Defendant VANDEVER was employed at Company 1 from in or about May 2003 until in or about August 2018. While at Company 1, defendant VANDEVER worked as a Human Resource Assistant, Accountant,

1

Senior Accountant, Account Manager and Senior Financial Shared Services Manager.  As Senior Financial Shared Services Manager, defendant VANDEVER had access to the financial accounts, including credit cards, and was responsible for, among other things, the overall management of Company 1's corporate credit cards.

   c. Bank of America and Wells Fargo Bank were "financial institutions" within the meaning of Title 18, United States Code, Section 20.

The Scheme

  2. From in or about 2011 through in or about August 2018, in Camden County, in the District of New Jersey and elsewhere, defendant

JENNIFER VANDEVER

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud Company 1 and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as set forth below.

**Object of the Scheme and Artifice to Defraud**

  3. The object of the scheme and artifice to defraud was for defendant JENNIFER VANDEVER to obtain money and property by means of materially false, and fraudulent pretenses, representations and promises, in violation of her authority as Senior Financial Shared Service Center Manager for Company 1, to enrich herself by fraudulently diverting and misappropriating for her own use and benefit property including money, goods and services through the

2

unauthorized use of Company 1's credit cards and having Company 1 pay for such unauthorized use.

## Manner and Means of the Scheme to Defraud

4.     It was part of the scheme and artifice to defraud that beginning in or about 2011 and continuing until in or about August 2018, defendant JENNIFER VANDEVER and her husband used Company 1's credit cards in the name of Individual 1 and "IT Dept" to embezzle and divert approximately over $3,000,000 to herself.

5.     It was further part of the scheme and artifice to defraud that defendant JENNIFER VANDEVER and her husband, without authorization, used Company 1's credit cards in the name of Individual 1 and "IT Dept" to purchase items and services for their personal benefit and the benefit of their family, including supermarkets and restaurants, retail and department stores, automobile down payments, automobile repairs and gasoline purchases, transportation, insurance, cell phone and utility bills, furniture, home repairs and maintenance, home improvements, extensive gift card purchases, college tuition and other personal expenses.

6.     It was further part of the scheme and artifice to defraud that defendant JENNIFER VANDEVER caused, in violation of her authority as Senior Financial Shared Service Center Manager for Company 1 and without authorization, Company 1 to use its Wells Fargo bank account to pay, through electronic fund transfers, the credit card charges that she and her husband

had incurred when using Company 1's credit cards in the name of Individual 1 and the "IT Dept" for personal purchases.

7.      It was further part of the scheme and artifice to defraud that defendant JENNIFER VANDEVER concealed and covered up her theft and embezzlement of funds that she obtained from Company 1 through her scheme and artifice to defraud by:

a.      Downloading the Bank of America credit card activity each month at her office in Camden County, New Jersey, in an Excel spreadsheet format. The spreadsheet allocated charges into various spending categories from the Bank of America website;

b.      Creating a new version of the spreadsheet and altering the information on the statement, concealing the existence of and expenses charged on Company 1's credit cards issued to Individual 1 and the "IT Dept;"

c.      Sending the altered statements to subordinates with instructions to post the expenses to the general ledger accounts;

d.      Causing the Account Payable Department to initiate payment from New Jersey using Company 1's Wells Fargo account to pay Bank of America for the credit card purchases; and

e.      Erasing the contents of a cellular telephone that belonged to Company 1.

8.    On or about the dates listed below, in the District of New Jersey and elsewhere, defendant

JENNIVER VANDEVER

did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, pictures, and sounds, described below, for the purpose of executing such scheme, each transmission constituting a separate count:

| Count | Approximate Date | Description of Wire | Amount |
|:-----:|:-----------------|:--------------------|:-------|
| 1 | 2/23/2018 | Electronic transmission by Company 1 in Camden County, New Jersey to Wells Fargo which caused Wells Fargo's servers in Minnesota to transfer an electronic payment to Bank of America | $170,612 |
| 2 | 3/26/2018 | Electronic transmission by Company 1 in Camden County, New Jersey to Wells Fargo which caused Wells Fargo's servers in Minnesota to transfer an electronic payment to Bank of America | $137,196 |
| 3 | 5/30/2018 | Electronic transmission by Company 1 in Camden County, New Jersey to Wells Fargo which caused Wells Fargo's servers in Minnesota to transfer an electronic payment to Bank of America | $95,392 |
| 4 | 6/26/2018 | Electronic transmission by Company 1 in Camden County, New Jersey to Wells Fargo which caused Wells Fargo's servers in Minnesota to transfer an electronic payment to Bank of America | $54,777 |

In violation of Title 18, United States Code, Section 1343.

**COUNT 5**
**[18 U.S.C. § 1029 – Using or Trafficking in an Unauthorized Access Device]**

1.      Paragraphs 1 and 3 through 7 of Counts 1 to 4 of this Indictment are incorporated as if set forth in full herein.

2.      From in or about January 2017 through in or about August 2018, in Camden County, the District of New Jersey and elsewhere, defendant

JENNIFER VANDEVER

did knowingly and with intent to defraud, traffic in and use one or more unauthorized access devices, and aided and abetted the trafficking in and use of one or more unauthorized access devices, namely, Company 1's Bank of America Credit Cards issued to Individual 1 and "IT Dept" during a one-year period, and by such conduct did obtain things of value aggregating $1,000 or more during that period, in a manner affecting interstate commerce.

In violation of Title 18, United States Code, Section 1029(a)(2) and (c)(1)(i) and Title 18, United States Code, Section 2.

## COUNT 6
### [18 U.S.C. § 1028A – Aggravated Identity Theft]

1.      Paragraphs 1 and 3 through 7 of Counts 1 to 4 and Count 5 of this Indictment are incorporated as if set forth in full herein.

2.      From in or about January 2017 through in or about August 2018, in Camden County, the District of New Jersey and elsewhere, defendant

JENNIFER VANDEVER

did knowingly transfer, possess and use, and aid and abet the transfer, possession and use, without lawful authority, of a means of identification of another person, that is, the name of Individual 1 on Company 1's credit card, during and in relation to a felony violation contained in Chapter 47, United State Code, to wit, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), charged in Count 5 of this Indictment.

In violation of Title 18, United States Code, Section 1028A(a)(1), (c)(1) and (c)(4) and Title 18, United States Code, Section 2.

## COUNTS 7 to 8
### [26 U.S.C. § 7201 – Income Tax Evasion]

1.     Paragraphs 1 and 3 through 7 of Counts 1 to 4 of this Indictment are incorporated as if set forth in full herein.

2.     The Internal Revenue Service ("IRS") was a constituent agency of the United States Department of Treasury and part of the Executive Branch of the Government responsible for administering and enforcing the tax laws of the United States and collecting taxes owed to the Treasury of the United States, and providing refunds of taxes overpaid.

3.     Generally, individuals were required by law to prepare and file income tax returns with the IRS by April 15 of the year following the year when the income was earned unless an extension was granted.  If those income tax returns show that income taxes were due and owing, then the taxpayer was obligated by law to pay that sum of money to the IRS.

4.     Defendant JENNIFER VANDEVER used Company 1's credit cards to pay personal expenses, including college tuition for her children, retail establishments, home repair, home maintenance and home improvement, auto loans and repairs, insurance and utilities and at various restaurants.  Those credit card purchases were paid for by Company 1 and the amount of those purchases were income to defendant VANDEVER.

5.     For tax years 2015 and 2016, defendant JENNIFER VANDEVER received income from Company 1 and embezzled funds from Company 1.

a.     During the calendar year 2015, defendant JENNIFER VANDEVER had and received taxable income of approximately $580,906,

including approximately $95,858 in salary and approximately $485,404 from the use of Company 1's credit cards.  Upon that taxable income there was owing to the United States an income tax of approximately $172,186.

       b.    During the calendar year 2016, defendant JENNIFER VANDEVER had and received taxable income of approximately $411,581, including approximately $96,656 in salary and approximately $348,601 from use of Company 1's credit cards.  Upon that taxable income there was owing to the United States an income tax of approximately $110,821.

       6.    For tax years 2015 and 2016, defendant JENNIFER VANDEVER prepared and filed U.S. Individual Income Tax Returns, Forms 1040, for herself and her husband. The filed Income Tax Returns generally reported to the IRS Form W-2 wages, interest and dividend income, prior refunds, property tax information, and other deductions, among other things, but omitted the money defendant VANDEVER embezzled from Company 1 which defendant VANDEVER used for her personal benefit.  Thus, defendant VANDEVER failed to disclose and report this income on her tax returns, thereby causing those tax returns to substantially understate the amount of income she received.

       7.    On or about the dates listed in the table in paragraph 9 below, defendant JENNIFER VANDEVER filed, and caused to be filed, with the Internal Revenue Service Forms 1040, U.S. Individual Income Tax Returns, for herself and her husband for the tax years listed in that table, which tax returns concealed the income described in paragraph 5 above and in the table below.

8.      During tax years 2015 and 2016, defendant JENNIFER

VANDEVER engaged in numerous affirmative acts to conceal and attempt to

conceal the income described in paragraph 5 above and the table below, in

order to evade the assessment of a tax, including, among others:  concealing

the embezzlement scheme at Company 1 by creating a false spreadsheet of

expenses for Company 1's credit card activity; creating other documents and

computer entries to conceal defendant VANDEVER's use of Company 1's credit

cards in the name of Individual 1 and the IT Dept; and filing and causing to be

filed Forms 1040 with the IRS that did not include the true income that was

obtained by the unauthorized use of Company 1's credit cards to pay personal

items.  Defendant VANDEVER therefore materially understated the true

amount of income that she received.

9.      On or about the dates set forth below, in Camden County, in the

District of New Jersey and elsewhere, defendant

JENNIFER VANDEVER

did willfully attempt to evade and defeat a substantial part of the income tax

due and owing to the United States for the tax years set forth below, by

committing the affirmative acts of tax evasion set forth in paragraph 8 above,

among others, with each tax year constituting a separate count of this

Indictment:

| Count | Tax Year | Approximate Date Form 1040 Filed | Approximate Undeclared Income | Approximate Tax Due |
|-------|----------|----------------------------------|-------------------------------|---------------------|
| 7 | 2015 | April 18, 2016 | $485,404 | $172,186 |
| 8 | 2016 | April 18, 2017 | $348,601 | $110,821 |

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

**COUNTS 9 and 10**
**[26 U.S.C. § 7201 – *Spies* Evasion]**

1.     Paragraphs 1 and 3 through 8 of Counts 1 to 4 and paragraphs 2 through 4 of Counts 7 and 8 of this Indictment are incorporated as if set forth in full herein.

2.     For tax years 2017 and 2018, defendant JENNIFER VANDEVER received income from Company 1 and embezzled funds from Company 1.  For those years, defendant VANDEVER failed to file Income Tax Returns with the IRS.

a.     During the calendar year 2017, defendant JENNIFER VANDEVER had and received taxable income of approximately $462,870, including approximately $100,788 in salary and approximately $359,583 from the use of Company 1's credit cards.  Upon that taxable income there was owing to the United States an income tax of approximately $123,535.

b.     During the calendar year 2018, defendant JENNIFER VANDEVER had and received taxable income of approximately $558,805, including approximately $79,859 in salary from Company 1, approximately $45,595 in salary from her subsequent employer, and approximately $325,708 from use of Company 1's credit cards.  Upon that taxable income there was owing to the United States an income tax of approximately $117,348.

3.      On or about the dates set forth below, in Camden County, in the District of New Jersey and elsewhere, defendant

JENNIFER VANDEVER

did knowingly and willfully attempt to evade and defeat the income tax due and owing to the United States of America for the calendar year listed below by: (1) failing to make an income tax return on or before April 15 of the year listed below, as required by law, to any proper officer of the IRS; (2) by failing to pay to the IRS the income tax due, as listed below; (3) by, among other things, using Company 1's corporate credit cards to pay personal expenses and submitting false documents to Company 1 to cause the payment of those expenses; constituting a separate count of this Indictment:

| Count | Tax Year | Approximate Undeclared Income | Approximate Tax Due |
|-------|----------|-------------------------------|---------------------|
| 9     | 2017     | $462,870                      | $123,535            |
| 10    | 2018     | $558,805                      | $117,348            |

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1.     The United States hereby gives notice to defendant JENNIFER VANDEVER that, upon her conviction of the offenses in violation of Title 18, United States Code, Section 1343 charged in Counts 1 through 4 of this Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), of all property, real and personal, involved in those offenses, and all property traceable thereto, including but not limited to a sum of money equal to at least approximately $457,977 in United States currency, representing the amount of proceeds obtained as a result of the offenses.

2.     If any of the above-described forfeitable property, as a result of any act or omission of defendant JENNIFER VANDEVER:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant JENNIFER VANDEVER up to the value of the forfeitable property described above.

Pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

## **FORFEITURE ALLEGATION**

1.       The United States hereby gives notice to defendant JENNIFER VANDEVER that, upon her conviction of the offenses in violation of Title 18, United States Code, Section 1029 charged in Count 5 of this Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), of all property, real and personal, involved in those offenses, and all property traceable thereto, including but not limited to a sum of money equal to at least approximately $685,289 in United States currency, representing the amount of proceeds obtained as a result of the offenses.

2.       If any of the above-described forfeitable property, as a result of any act or omission of defendant JENNIFER VANDEVER:

        a.       cannot be located upon the exercise of due diligence;

        b.       has been transferred or sold to, or deposited with, a third party;

        c.       has been placed beyond the jurisdiction of the court;

        d.       has been substantially diminished in value; or

        e.       has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant JENNIFER VANDEVER up to the value of the forfeitable property described above.

16

Pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

<sup>v</sup>FOREPERSON

PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: _____

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

### v.

## JENNIFER VANDERVER

# INDICTMENT FOR

18 U.S.C. § 1028A
18 U.S.C. § 1029
18 U.S.C. § 1343
26 U.S.C. § 7201
18 U.S.C. § 2

**A True Bill,**

**Foreperson**

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

JASON M. RICHARDSON
ASSISTANT U.S. ATTORNEY
CAMDEN, NEW JERSEY
(856) 757-5026